**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LONNIE OBERMARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00723-MTS |
| | ) | |
| AMERICAN FAMILY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On review of Defendant's Notice of Removal, Doc. [1], the Court finds that Defendant has failed to establish the Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). The Notice of Removal discusses the citizenship of the parties only at the time of Removal, but Defendant needed to show the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). This requirement is not new. *See, e.g., Stevens v.*

*Nichols*, 130 U.S. 230, 231–32 (1889); *Foster v. Am. Fam. Mut. Ins. Co., S.I.*, 4:22-cv-00455-MTS, 2022 WL 1202361, at *1 (E.D. Mo. Apr. 22, 2022).  For this reason, the Court will remand this action.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see, e.g.*, *Elliott v. The Proctor & Gamble U.S. Bus. Servs. Co.*, 1:22-cv-0109-MTS, ECF No. 26 (E.D. Mo. Oct. 31, 2022).[1]

The Court also notes that Defendant's Notice of Removal included an inaccurate representation.  *See* Fed. R. Civ. P. 11(b).  The Notice states that Defendant removed the action "to the District Court of the United States for the district embracing the place where the action is pending."  Doc. [1] ¶ 7 (citing 28 U.S.C. § 1441(a)).  But Defendant did no such thing.  Plaintiff filed this action in Greene County Circuit Court, Missouri's 31st Judicial Circuit.  Greene County is *not* within the United States District Court for the Eastern District of Missouri; it is in the Western District of Missouri.[2]  28 U.S.C. § 105(b)(5).  This action should have been removed, if at all, to the United States District Court for the Western District of Missouri.  *See Kerbo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 536 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court . . .

---

[1] Even if the Court may look beyond Defendant's Notice of Removal—putting aside the fact that Defendant had the burden of establishing jurisdiction here—and look to Plaintiff's Petition, her Petition does not contain allegations regarding her citizenship.  The Court has seen nothing in the record that indicates Plaintiff was a Missouri citizen when she filed this action in Missouri state court.

[2] Its placement in the Western District of Missouri is not surprising.  Greene County, after all, is in the southwestern part of Missouri.  What is more troubling, despite Defendant's representation to the contrary in its Notice of Removal, other filings plainly show that Defendant was aware that Greene County is within the Western District of Missouri.  *See* Doc. [4] ¶ 4.

for the district and division embracing the place where [the state court] action [was] pending.'" (quoting 28 U.S.C. § 1441(a))); *Anton Leasing, Inc. v. Engram*, 846 F.2d 69 (4th Cir. 1988) (per curiam unpublished table opinion) (noting 28 U.S.C. § 1441(a)'s "clear statement that an action may be removed only to the district in which it is pending" and affirming order imposing attorneys' fees under § 1447(c)).[3]

*   *   *

Because Defendant failed to establish this Court's subject matter jurisdiction when it failed to show the citizenship of the parties at the time of the filing of the action in Missouri state court, the Court will enter an Order of Remand remanding this case to the Greene County Circuit Court in accordance with 28 U.S.C. § 1447(c).

Dated this 21st day of June 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] This defect, though worthy of mention given Defendant's misrepresentation to the Court, was a procedural one that would not have deprived the court of subject matter jurisdiction (if Defendant would have established the Court's subject matter jurisdiction in the first place). *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1388 (11th Cir. 1997) ("We hold that failure to comply with the geographic requirements of 28 U.S.C. § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case."); *see also Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 550–51 (5th Cir. 2020).